1

2

3

4

5

6

7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 1 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _Smy_                         DEPUTY

8

9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

10  LESLEY WRIGHT,                          ) Case No. EDCV 12-565 AN

11              Plaintiff,                  ) MEMORANDUM AND ORDER

12        v.                               )

13  CAROLYN W. COLVIN, ACTING              )
    COMMISSIONER OF THE SOCIAL            )
14  SECURITY ADMINISTRATION,              )

15              Defendant.[1]/             )

16  _____        )

17        Pursuant to the Court's Case Management Order, the parties have filed the

18  Administrative Record ("AR") and a Joint Stipulation ("JS") raising three disputed

19  issues. The parties have consented to proceed before the Magistrate Judge. The Court has

20  carefully reviewed the parties' respective contentions in conjunction with the AR. This

21  matter is now ready for decision.

22                              **Issue #1**

23        Plaintiff contends that the Administrative Law Judge ("ALJ") failed to provide

24  adequate reasons for rejecting the opinion of the examining physician, Moshe Wilker,

25  M.D. (JS 4.) In an orthopedic evaluation report dated December 1, 2009, Dr. Wilker

26  opined that Plaintiff suffered from bilateral knee arthritis and low back pain, and was

27

28  _____

[1]/   The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d)
of the Federal Rules of Civil Procedure. No further action is needed to continue this case
by reason of the last sentence of 42 U.S.C. § 405(g).

1   restricted to a range of light work, including standing and walking two hours in an 8-
2   hour workday and sitting 6 hours in an 8-hour workday. (AR 521.) Plaintiff asserts that
3   the ALJ rejected Dr. Wilker's opinion with regard to Plaintiff's limitations in sitting,
4   without providing reasons for doing so.

5          In the decision denying benefits, the ALJ stated that he gave "some weight" to Dr.
6   Wilker's evaluation. (AR 22.) The ALJ assessed Plaintiff with a residual functional
7   capacity ("RFC") for a range of light work that was more restrictive than Dr. Wilker's
8   opinion with respect to Plaintiff's ability to stand and walk, but less restrictive with
9   respect to Plaintiff's ability to sit. (AR 22.) Dr. Wilker found that if Plaintiff stopped
10  substance abuse, she could stand and walk 1 hour in an 8-hour workday for 10 to 15
11  minutes at a time, and could sit 8 hours in an 8-hour workday, if given normal breaks
12  every two hours, and 1 to 3 minute breaks every hour to stand and stretch. (AR 16, 20.)
13  The ALJ also assessed Plaintiff with postural, environmental and mental work
14  restrictions. (AR 16, 20.)

15         The decision shows that the ALJ thoroughly considered Dr. Wilker's opinion as
16  well as the other medical opinions of record before assessing Plaintiff's RFC. The ALJ
17  explained that Dr. Wilker's opinion was "not given great weight because additional
18  evidence after the date of the examination" supported the RFC assessment in the
19  decision. (AR 23.) A review of the medical records post-dating Dr. Wilker's evaluation
20  support the ALJ's finding that Plaintiff was able to sit for 8 hours in a workday. In March
21  2010, Plaintiff's treating physician, Neil Halbridge, M.D., reported that Plaintiff's
22  straight leg test was negative on the right and trace on the left, her paraspinal muscles
23  were symmetrical without swelling or spasm, and her deep tendon reflexes in her
24  bilateral lower extremities were symmetrical. (AR 19, 648-50.) In reports from July 2010
25  and September 2010, Dr. Halbridge noted that Plaintiff's straight leg test was negative
26  bilaterally. (AR at 19, 548, 582-83.) Plaintiff was able to walk without a supportive
27  device. (AR 19, 582, 649, 654.) On July 23, 2010, Plaintiff underwent an MRI of the
28  lumbar spine which revealed only mild disc desiccation at L2-3 and L3-4 with no

Page 2

1   evidence of disc protrusion or bulge, areas of canal or foraminal stenosis, or
2   subcutaneous edema in the posterior subcutaneous tissues. (AR at 19, 574.) These more
3   recent clinical and objective findings support the ALJ's RFC assessment of Plaintiff's
4   ability to sit. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (explaining that
5   a treating physician's most recent medical reports are highly probative). Further, the
6   Court notes that Dr. Wilker's own clinical findings fail to support a more restrictive
7   sitting limitation. Dr. Wilker reported that Plaintiff sat comfortably with normal posture,
8   had a normal thoracic and lumbar spine examination without paraspinal muscle spasm
9   or tenderness to palpation, full range of motion without pain, and negative straight leg
10  raising tests in sitting and supine positions, bilaterally. (AR 518); *see Connett v.*
11  *Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (doctor's opinion properly rejected when
12  treatment notes "provide no basis for the functional restrictions he opined should be
13  imposed"). Finally, Samuel Landau, M.D., a medical expert who reviewed Plaintiff's
14  medical records, testified at Plaintiff's hearing that Plaintiff had no limitation to sitting,
15  provided she is given normal breaks every 2 to 3 hours, and 1 to 3 minute breaks every
16  hour to stretch and stand. (AR 20, 46); *see Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th
17  Cir. 1989) (reports of non-examining medical advisors that are "supported by other
18  evidence in the record and are consistent with it" may serve as substantial evidence for
19  rejection of an examining physician's opinion). Thus, the ALJ provided specific,
20  legitimate reasons supported by substantial evidence for discounting Dr. Wilker's
21  opinion. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).  Plaintiff is not
22  entitled to reversal on this issue.

23                                        **Issue #2**

24          Plaintiff contends the ALJ failed to give proper reasons for rejecting her subjective
25  complaints regarding the severity of her pain and symptoms. (JS 6-18.)

26          The ALJ determined that Plaintiff's statements concerning the intensity,
27  persistence and limiting effects of her symptoms were "partially credible." (AR 17). The
28  ALJ provided multiple reasons for rejecting Plaintiff's credibility. (AR 16-17.) His

conclusions are entitled to deference. *See Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 599 (9th Cir. 1999) ("questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary"). At her administrative hearings in November 2010, Plaintiff testified she had not used drugs or alcohol for the previous four years. (AR 17, 36-37, 75-76.) However, in January 2009, when hospitalized for an overdose of sleeping pills, Plaintiff admitted, and her drug screen confirmed, that she had been drinking alcohol and using methamphetamine. (AR 17, 348, 360, 364.) Plaintiff acknowledged that she had been drinking a lot, and would usually drink three 32-ounce beers and take methamphetamine. (AR 348.) In May 2009, Plaintiff told an examining doctor that she had been in drug and alcohol recovery for only five months. (AR 17, 406.) The inconsistency in Plaintiff's statements regarding her use of drugs and alcohol is a legitimate factor to be considered in weighing Plaintiff's credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 958-60 (9th Cir. 2002). The ALJ also found Plaintiff's daily activities were inconsistent with Plaintiff's claim of disability. (AR 16-17.) Plaintiff claimed that her mental and physical impairments prevent her from working, but admitted that she is able to take care of her children, perform household chores, go out everyday, walk, ride in a car, take public transportation, and shop for groceries, clothing and shoes. (AR 16, 228-30.) The inconsistency between Plaintiff's activities and her claims of disability is a sufficient basis for discrediting Plaintiff's subjective complaints. *Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991). The ALJ further found that Plaintiff's complaints of disabling pain and other symptoms were not reasonably supported by the objective medical evidence, which was discussed in length throughout the decision. (AR at 16-23.) While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 416.929(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (objective medical evidence may not be sole reason for discounting

credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility). Thus, the ALJ offered clear and convincing reasons, supported by substantial evidence for discounting Plaintiff's subjective symptom testimony.[2]

Accordingly, Plaintiff's contentions with respect to the second disputed issue does not warrant a reversal of the Commissioner's final decision.

### Issue #3

Plaintiff challenges the ALJ's failure to credit the functional limitations assessed by her treating physician, Dr. Halbridge. (JS 23-24.) In a form titled "Medical Opinion re: Ability to Do Work–Related Activities (Physical)," dated April 15, 2010, Dr. Halbridge opined, in part, that Plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and walk less than 2 hours in an 8-hour workday, and sit less than 2 hours in an 8-hour workday. (AR 529-31.)

The ALJ found that Dr. Hallbridge's assessment of Plaintiff's RFC was not well supported by the objective evidence and inconsistent with the record as whole. (AR 23.) This reason is supported by substantial evidence. As discussed, Dr. Halbridge's clinical findings support the ALJ's determination that Plaintiff is able to sit 8 hours in a workday, and, necessarily, are inconsistent with a restriction to sitting less than 2 hours in a workday. *See, e.g., Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009) (holding that contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting the treating physician's opinion); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that contradiction between treating physician's assessment regarding claimant's capabilities and recorded observations is a clear and convincing reason for rejecting the assessment). As for Plaintiff's ability to lift and carry, Dr. Halbridge's

---

[2] There is no need to consider the sufficiency of the evidence supporting the other factors listed by the ALJ in discounting Plaintiff's credibility. Any error as to other factors would be harmless because they are inconsequential to the non-disability determination. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

opinion was contradicted by Dr. Wilker's independent clinical findings that Plaintiff was capable of lifting and carrying 10 pounds frequently and 20 pounds occasionally. (AR 521, 529.) Dr. Wilker's opinion was substantial evidence in this respect, and it was solely in the province of the ALJ to resolve the conflict. *Andrews*, 53 F.3d at 1041 (non-treating physician's opinions based on independent clinical findings constitute substantial evidence on which the ALJ may rely to reject treating physician's opinions). And finally, the ALJ relied on Dr. Landau's non-examining opinion regarding Plaintiff's RFC. (AR ,20, 45-46.) Dr. Landau's findings, which were corroborated by the medical evidence of record, constituted substantial evidence upon which the ALJ could properly rely. *Andrews*, 53 F.3d at 1041; *Morgan*, 169 F.3d at 600 (testifying medical experts' opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

Accordingly, the Court rejects Plaintiff's contention that reversal is warranted based on Plaintiff's third disputed issue.

## CONCLUSION

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: April 11, 2013

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

Page 6